UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ALVA MARRIOTT, on behalf of
herself and those similarly situated,

    Plaintiff,

v.                         CASE NO.:  6:09-CV-975-ORL-35 KRS

D & D TRACTOR AND TRUCK SERVICE, INC.,
a Florida Profit Corporation,
and DIANA E. DAVIS, individually,

    Defendants,

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

    Plaintiff, ALVA MARRIOTT ("Plaintiff"), on behalf of herself and other employees and former employees similarly situated, by and through undersigned counsel, files this Complaint against Defendants, D & D TRACTOR SERVICE, INC., ("D & D"), DIANA E. DAVIS ("DDAVIS") (collectively "Defendants") and states as follows:

## JURISDICTION

    1.    Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid overtime wages, minimum wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorney's fees and costs.

    2.    The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

## PARTIES

3.      At all times material hereto, Plaintiff was, and continues to be a resident of Brevard County, Florida.

4.      At all times material hereto D & D was a Florida corporation.  Further, at all times material hereto, D & D was engaged in business in Florida, with a principle place of business in Florida.

5.      At all times relevant to this action, DDAVIS was an individual resident of the State of Florida, who owned and operated  D & D , and who regularly exercised the authority to: (a) hire and fire employees of D & D ; (b) determine the work schedules for the employees of  D & D ; and (c) control the finances and operations D & D; DDAVIS  is an employer as defined by 29 U.S.C. 201 et. seq.

6.      At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

7.      At all times material hereto, Plaintiff was an "employee" of Defendants within the meaning of FLSA.

8.      At all times material hereto, Defendants were the "employer" within the meaning of FLSA.

9.      Defendants were, and continue to be, "employer" within the meaning of FLSA.

10.      At all times material hereto, Defendants were, and continue to be, an "enterprise engaged in commerce" within the meaning of FLSA.

11.      At all times material hereto, Defendants were, and continue to be, an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

12.      Based upon information and belief, the annual gross revenue of Defendants were

in excess of $500,000.00 per annum during the relevant time periods.

13.    At all times hereto, Plaintiff was "engaged in commerce" and subject to individual coverage of the FLSA.

14.    At all times hereto, Plaintiff was engaged in the "production of goods for commerce" and subject to the individual coverage of the FLSA.

15.    The additional persons who may become plaintiffs in this action are/were non-exempt hourly employees of Defendants, who held similar positions to Plaintiff and who worked in excess of forty (40) hours during one or more work weeks during the relevant time periods but who did not receive pay at one and one-half times their regular rate for their hours worked in excess of forty (40) hours.

16.    At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendants.

## STATEMENT OF FACTS

17.    On or about January, 2006, Defendants hired Plaintiff to work as a non-exempt hourly employee.

18.    At various material times hereto, Plaintiff worked for Defendants in excess of forty (40) hours within a work week.

19.    From at least January 2006 and continuing through May 2008, Defendants failed to compensate Plaintiff at rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours in a single work week.  Plaintiff should be compensated at the rate of one and one-half times Plaintiff's regular rate for those hours that Plaintiff worked in excess of forty (40) hours per week as required by the FLSA.

20.    Prior the filing of this lawsuit, Plaintiff, through her undersigned attorney,

3

requested all relevant pay and time records from Defendants, by correspondence dated May 28, 2009. A copy of the letter requesting same is attached as Exhibit "A". Notwithstanding this effort, however, Defendants have failed and/or refused to timely and fully provide all such records. Thus, the majority of the relevant pay and time records at issue remain exclusively in the possession, custody, and control of the Defendants.

21.     Defendant has violated Title 29 U.S.C. §207 from at least January 2006 and continuing to date, in that:

      a.     Plaintiff worked in excess of forty (40) hours per week for the period of employment with Defendants;

      b.     No payments, and provisions for payment, have been made by Defendants to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for those hours worked in excess of forty (40) hours per work week as provided by the FLSA; and

      c.     Defendants have failed to maintain proper time records as mandated by the FLSA.

22.     Plaintiff has retained the law firm of MORGAN & MORGAN, P.A. to represent Plaintiff in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

23.     Plaintiff realleges and reavers paragraphs 1 through 22 of the Complaint as if fully set forth herein.

24.     From at least January 2006 and continuing through March 2008, Plaintiff worked in excess of the forty (40) hours per week for which Plaintiff was not compensated at the statutory

rate of one and one-half times Plaintiff's regular rate of pay.

25.    Plaintiff was, and is entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours.

26.    At all times material hereto, Defendants failed, and continue to fail, to maintain proper time records as mandated by the FLSA.

27.    Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per weeks when it knew, or should have known, such was, and is due.

28.    Defendants have failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

29.    Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

30.    Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

31.    At all times material hereto, Defendants failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4, with respect to those similarly situated to the named Plaintiff by virtue of the management policy, plan or decision that intentionally provided for the compensation of such employees for fewer hours than they actually worked.

32.    Based upon information and belief, the employees and former employees of Defendants similarly situated to Plaintiff were not paid for all hours worked, and to the extent

such hours, if properly credited to Plaintiff, would have credited Plaintiff with more than forty (40) or more hours in a work week, Defendants have failed to properly pay Plaintiff, and those similarly situated to her, proper overtime wages at time and a half their regular rate of pay for such hours.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor against Defendants:

a. Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

b. Awarding Plaintiff overtime compensation in the amount due to her for Plaintiff's time worked in excess of forty (40) hours per work week;

c. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

d. Awarding Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

e. Awarding Plaintiff pre-judgment interest; and

f. Ordering any other further relief the Court deems just and proper.

## COUNT II
## RECOVERY OF MINIMUM WAGES

34. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-33 above.

35. Plaintiff was entitled to be paid minimum wage for each hour she worked during her employment with Defendants.

36.    Defendants failed to pay Plaintiff minimum wage for each hour she worked for Defendants.

37.    Plaintiff has demanded proper compensation for one or more weeks of work with Defendants, but Defendants have refused and/or failed to compensate her for same.  As a result of Defendants' actions in this regard, Plaintiff has not been paid the minimum wage for each hour worked during one or more weeks of employment with Defendants.

38.    Defendants had specific knowledge that they were paying sub-minimum wages to Plaintiff, but still failed to pay Plaintiff at least minimum wages.

39.    Defendants willfully failed to pay Plaintiff the Federal minimum wage for one or more weeks of work contrary to 29 U.S.C. § 206.

40.    As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiff has been damaged in the loss of minimum wages for one or more weeks of work with Defendants.

## COUNT III-RECOVERY OF UNPAID WAGES (STATE LAW)

41.    Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-40 above.

42.    By Virtue of Defendants failure to pay Plaintiff at least minimum wage in one or more weeks.  Defendant has violated Fl. Statue §448.110, the Florida Minimum Wage Act.

43.    Plaintiff has been damaged as a result of Defendant failure to pay her the agreed upon wages to which he was entitled.

44.    Pursuant to Section 448.08 Florida Statues, Plaintiff is entitled to the costs of this action and a reasonable attorneys' fee.

45.    Plaintiff demands a trial by jury.

7

WHEREFORE, Plaintiff demands judgment against Defendants for compensatory damages, an additional and equal amount of liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

DATED this 8<u>th</u> day of June, 2009.

Respectfully submitted,

Andrew Frisch
FL Bar No.: 27777
MORGAN & MORGAN
6824 Griffin Road
Davie, Fl. 33314
Tel: 954-318-0268
Fax: 954-333-3515
E-mail: AFrisch@forthepeople.com

Trial Counsel for Plaintiffs

# MORGAN & MORGAN®

### A PROFESSIONAL ASSOCIATION

*Attorneys*
*At Law*

**REPLY TO DAVIE**

**ATTORNEYS AT LAW**

KELLY A. AMRITT
JAMES D. ARNOLD, JR
RUSSELL E. ARTILLE
H. SCOTT BATES †
ALEXANDER BILLIAS
T. LEE BODIE
SCOTT T. BORDERS †
GREGORY J. BOSSELER
WILLIAM B. BOWLES, JR
ADAM BRUM
DONALD W. BUCKLER
NICHOLAS A. BUONICONTI, III
KABAH S. BURRELL *****
KEVIN J. CARDEN
BRUCE H. CARRAWAY, III ****
BEVERLY A. CARSON ****
KEITH M. CARTER †
MICHAEL J. CARTER
RICHARD B. CELLER
ALEXANDER M. CLEM
RONALD C. CONNER ****
RAMEL L. COTTON
WILLIAM R. DANIEL
VINCENT M. D'ASSARO †
MICHAEL L. DAVIS
LOUIS A. DEFREITAS, JR.
JOHN W. DILL †
JAMES J. DYE
WILLIAM FINN
GREGORIO A. FRANCIS
ANDREW FRISCH
STEVEN C. GODDARD
MICHAEL GOETZ
CHRISTOPHER J GRADDOCK ****
RYAN J HAYES
DAVID G. HENRY
HERBERT H. HOFMANN II
WILLIAM P HOWARD
KATHERINE V HUNG****
ANTHONY M IANNACIO
MARTIN J JAFFE
VELMA L JONES
SUMEET KAUL
JAMES W. KEETER
JAMES J. KELLEHER ^ ‡
HANS KENNON
STEPHEN J. KNOX †
RYAN C. KUHL
GRANT A. KUVIN
ARMANDO T LAURITANO
CLINT M LAVENDER
CARLOS V LEACH
JASON R. LEONARD**
JOSEPH A. LINNEHAN †
JAMES T LYNCH
MICHAEL D MARRESE
BRIAN K McCLAIN
W CHARLES MELTMAR † ***
JASON S MILLER
TODD K. MINER
W. CLAY MITCHELL, JR
KEITH R MITNIK †
DAVID B MOFFETT †
HECTOR A MORE
C. RYAN MORGAN
JOHN B. MORGAN
ULTIMA D. MORGAN
DAVID H. MOSKOWITZ ****
HENRY P MOWRY
OMAR L NELSON *****
DANIEL J. NEWLIN ..
CHRISTOPHER H. NEYLAND*****
KEENAN R S. NIX †***
DONNY A. OWENS
NICHOLAS P PANAGAKIS
R A. PATTERSON, III
KIRK A. PERROW
RONSON J. PETREE
FRANK W PIAZZA
E NANNETTE PICCOLO
GREGORY D PRYSOCK †
MICHAEL T. REESE
GARRY J. RHODEN ♦
DAVID I RICKEY *
DARRYL E. ROUSON
CAROLYN M. SALZMANN
ROBERT J. SCANLAN
RANDY E. SCHIMMELPFENNIG †
JAMES H. SCHMITT
P CHRIS SCHROEDER
JOSEPH H. SHAUGHNESSY
DANIEL W. SHEPPARD †
CHRISTOPHER M SIMON ****
MICHAEL A SMITH
DAVID A. SPAIN
DEIRDRE M STEPHENS-JOHNSON ***
CRAIG R STEVENS †
L CHRIS STEWART ****
MICHAEL F SUTTON †
HARRAN E UDELL
SCOTT J URICCHIO
BASIL A. VALDIVIA
BRIAN C VIGNESS †
IVAN D VORONEC †
SCOTT WM WEINSTEIN
SCOTT M WHITLEY †

**OFFICES:**

16th FLOOR
20 N. ORANGE AVENUE
POST OFFICE BOX 4979
ORLANDO
FLORIDA 32802-4979
(407) 420-1414
16th FAX: (407) 425-8171
9th FAX: (407) 841-9520
10th FAX: (407) 425-9858
4th FAX: (407) 420-5956

SUITE 700
ONE TAMPA CITY CENTER
TAMPA
FLORIDA 33602
(813) 223-5505
FAX (813) 223-5402

SUITE 600
ONE UNIVERSITY PARK
12800 UNIVERSITY DRIVE
POST OFFICE BOX 9504
FT. MYERS
FLORIDA 33906-9504
(239) 433-6880
FAX: (239) 433-6836

SUITE 1100
76 SOUTH LAURA STREET
JACKSONVILLE
FLORIDA 32202-3433
(904) 398-2722
FAX (904) 398-2334

SUITE 4200
191 PEACHTREE STREET NE
ATLANTA
GEORGIA 30303
(404) 965-8811
FAX (404) 965-8812

SUITE 3
6824 GRIFFIN ROAD
DAVIE
FLORIDA 33314
(954) 318-0268
FAX: (954) 333-3515

SUITE 777
ONE JACKSON PLACE
188 E. CAPITOL STREET
JACKSON
MISSISSIPPI 39201
(601) 949-3388
FAX. (601) 949-3399

198 BROADWAY AVE.
KISSIMMEE
FLORIDA 34741
(407) 452-6990
FAX: (407) 452-6989

SUITE 150J
695 CENTRAL AVENUE
ST PETERSBURG
FLORIDA 33701
(727) 490-2001
FAX: (727) 490-2099

www.forthepeople.com

OF COUNSEL
HORACE R. BROADNAX
RICHARD I. CERVELLI
****MICHAEL ESPY
MICHAEL K. HOUTZ
J MICHAEL PAPANTONIO
CLAY M. TOWNSEND

† BOARD CERTIFIED
  CIVIL TRIAL LAWYER

‡ BOARD CERTIFIED
  WORKER'S COMPENSATION
  LAWYER

** LICENSED IN ARIZONA ONLY
*** LICENSED IN WASHINGTON D.C. ONLY
**** LICENSED IN GEORGIA ONLY
***** LICENSED IN MISSISSIPPI ONLY
^ LICENSED IN NEW YORK
‡ LICENSED IN GEORGIA
  LICENSED IN ILLINOIS
♦ LICENSED IN KY FL MS TN

May 28, 2009

**Via Certified & Regular Mail**
D & D Tractor and Truck Service, Inc.
James Fallace, Registered Agent
1900 Hickory Street, Suite A
Melbourne, FL 32901

RE:  Our Client(s): Alva Marriott

To Whom It May Concern:

Please note that the undersigned law firm has been retained to represent Alva Marriot in her claim for unpaid wages against your company. Our investigation of these claims to date leads to the conclusion that your pay practices with regard to our client constitute a violation of the law. Therefore, in an effort to further investigate the nature of these violations/claims in a timely and cost effective manner, and so that we may continue our investigation of this matter, please provide the undersigned with any and all pay and time records pertaining to Alva Marriott, for any work performed on the company's behalf during the last three (3) years. **To the extent we do not timely receive same within five (5) calendar days from the above date, we will proceed accordingly.**

On a related note, we respectfully request that you do not contact or attempt to contact our client directly regarding this matter. To that end, please direct any and all communication or payments regarding this matter directly to the undersigned. Additionally, please be aware that the law prohibits anyone from discriminating or retaliating against a current or former employee for pursuing their right to unpaid wages. Therefore, to the extent any attempt is made to penalize, discipline, punish, threaten, intimidate, or discriminate against our client, we will pursue a claim for retaliation pursuant to 29 U.S.C. §215(a)(3).

Thank you for your attention to this matter. We look forward to hearing from you.

Very truly yours,

EXHIBIT A

Andrew Frisch, Esq.
ARF/kr

———————— For The People ————————