**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**ALVA MARRIOTT,**

         **Plaintiff,**

-vs-                                                     Case No. 6:09-cv-975-Orl-35KRS

**D & D TRACTOR AND TRUCK
SERVICE, INC., DIANE E. DAVIS, and
DONOVAN G. DAVIS,**

         **Defendants.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT:**

      This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **PLAINTIFF'S AMENDED MOTION AND MEMORANDUM IN SUPPORT OF REQUEST FOR AN AWARD OF ATTORNEY'S FEES AND COSTS (Doc. No. 73)**
>
> **FILED:** **January 10, 2012**

**I.    PROCEDURAL HISTORY.**

      Plaintiff Alva Marriott filed an amended complaint against Defendants D&D Tractor and Truck Service, Inc. ("D&D"), Diana E. Davis and Donovan G. Davis alleging that they violated the overtime and minimum wage compensation provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* and failed to pay wages in violation of section 448.08, Florida Statutes. Doc. No. 27. Thereafter, Marriott filed a motion for summary judgment, which was not

opposed by Defendants. Doc. Nos. 43, 46. The Court granted the motion and judgment was entered against Defendants, jointly and severally, in the amount of $54,600.00. Doc. No. 49.

Defendants subsequently moved to set aside the judgment, which motion was denied. Doc. Nos. 51, 58. A motion for rehearing was also denied. Doc. Nos. 53, 64.

Defendants filed a notice of appeal of the judgment and order denying the motion for rehearing. Doc. No. 70. The appeal was dismissed for failure to pay the filing fee. Doc. No. 72. Thereafter, Defendants paid the filing fee, but they have not moved to reopen the appeal. *See* Doc. No. 75.

Meanwhile, Marriott's original motion for an award of attorney's fees and costs was denied without prejudice pending the outcome of the appeal. Doc. No. 71. After the appeal was dismissed, Marriott filed the present amended motion. Doc. No. 73. Defendants have not filed a response to the amended motion as of the writing of this Report and Recommendation, and the time for responding has passed. Therefore, the Court should consider the motion to be unopposed.[1]

## II.     ANALYSIS.

"Generally, a prevailing plaintiff in a FLSA case is entitled to a reasonable award of attorneys' fees and costs. Calculation of attorneys' fees involves multiplying the number of hours reasonably expended in litigating the claim and the customary fee charged for similar legal services in the relevant community ('lodestar amount'). A properly calculated lodestar amount 'is

---

[1] The Clerk of Court subsequently taxed costs, so that part of the amended motion is moot. Doc. No. 76.

itself strongly presumed to be reasonable.'" *Galdames v. N&D Inv. Corp.*, 432 F. App'x. 801, 806 (11th Cir. 2011) (internal citations omitted).

    *A.    Reasonable Number of Hours.*

"The first step in determining the proper lodestar amount is calculating the number of hours reasonably expended on the litigation. Prevailing plaintiff's attorneys 'must exercise their own billing judgment to exclude any hours that are 'excessive, redundant, or otherwise unnecessary.'' Attorneys may bill adversaries for only the same hours they would bill a client." *Galdames*, 432 F. App'x at 806 (internal citations omitted). "[A]ttorneys should not receive full compensation for performing services that should have been delegated to non-lawyers." *Miller v. Kenworth of Dothan, Inc.*, 117 F. Supp. 2d 1247, 1261 (M.D. Ala. 2000) (quoting *Missouri v. Jenkins*, 491 U.S. 274, 288 n. 10 (1989)). "Of course, purely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them." *Missouri*, 491 U.S. at 288 n. 10. "If the court concludes that the number of claimed hours is excessive, it may engage in 'an across-the-board cut,' so long as it provides adequate explanation for the decrease." *Galdames*, 432 F. App'x at 806 (internal citations omitted).

Marriott submitted an affidavit of Andrew Frisch, Esq., her attorney, and time sheets setting forth the work performed by Attorney Frisch ("AF") and paralegals Kelly Romero ("KR"), Raven Morrison ("RM") and Marina Vaysman ("MBV"), a description of the work performed and the number of hours worked. Doc. Nos. 73-1 through 73-3. After review of these documents, I recommend that the Court find the hours worked reasonable except as follows:

### 1. Clerical and Administrative Tasks.

"[W]ork related solely to scheduling of mediation and depositions generally is clerical or secretarial" time that is not compensable. *See, e.g., For Play Ltd. v. Bow to Stern Maintenance, Inc.*, No. 05-22002-CIV-KING, 2006 WL 3662339, at * 8 (S.D. Fla. 2006). Similarly, the time expended serving deposition notices is purely clerical. *Miller*, 117 F. Supp. 2d at 1261. Preparing transmittal letters and opening and updating the lawyer's file is also not compensable. *See Raimondi v. Zakheim & Lavrar, P.A.*, No. 6:11-cv-480-Orl-31DAB, 2012 WL 1382255, at * (M.D. Fla. April 5, 2012), *confirmed and adopted*, Case No. 6:11-cv-480-Orl-31DAB, 2012 WL 1382221 (M.D. Fla. April 20, 2012).

The obligation rests with the party seeking fees to describe the tasks performed with sufficient particularity for the Court to determine the work performed. *Norman v. Hous. Auth.*, 836 F.2d 1292, 1303 (11th Cir. 1988). Some of the work performed by Attorney Frisch and the paralegals is clearly clerical in nature and not compensable. The description of other work performed by the paralegals makes it very difficult to determine the extent to which their time was appropriately spent on compensable work as compared with noncompensable work. For example, many entries simply indicate email or voice mail left for or received from someone, with no description of the reason for the communication. In the absence of a clear explanation sufficient to show that the work performed was compensable, I recommend that the Court not compensate

that time.[2] Accordingly, I recommend that the Court find that the following work is clerical or administrative and not compensable:

| | | | |
|---|---|---|---|
| 06/11/2009 | KR | 0.20 | Receipt and Review of Filed Complaint; Calendared; Filed |
| 06/15/2009 | KR | 0.20 | Telephone conference with Process Server re: service |
| 06/15/2009 | KR | 0.10 | Email left for OC |
| 06/18/2009 | KR | 0.10 | Email left for OC |
| 06/30/2009 | KR | 0.30 | Preparation of efiling return of service |
| 07/13/2009 | KR | 0.30 | Receipt & Review Docketing Scheduling Order; Calendared |
| 08/25/1009 | KR | 0.10 | Email left for OC |
| 08/25/2009 | KR | 0.20 | Telephone conference with Clerk at Judges Chambers |
| 08/25/2009 | KR | 0.10 | Email left for OC |
| 09/14/2009 | KR | 0.10 | Email received from OC assistant |
| 09/14/2009 | KR | 0.30 | Email left for Paul Bross re: Settlement Conference |
| 09/15/2009 | KR | 0.30 | Telephone conference with OC |
| 10/05/2009 | KR | 0.10 | Email left for OC |
| 10/05/2009 | KR | 0.10 | Email left for OC |
| 10/05/2009 | KR | 0.10 | Email received from OC |
| 11/02/2009 | KR | 0.50 | Receipt and Review of Scheduling Order, Calendared |
| 11/09/2009 | KR | 0.10 | Email left for OC |

---

[2] Because communication with the client is essential, I recommend that communications with the client be compensated except when the time entry indicates merely preparing a transmittal letter.

| Date | Initials | Hours | Description |
|---|---|---|---|
| 11/09/2009 | KR | 0.10 | Email received from OC |
| 11/13/2009 | KR | 0.20 | Telephone conference with OC assistant |
| 11/13/2009 | KR | 0.10 | Telephone conference with OC assistant again |
| 11/13/2009 | KR | 0.10 | Voice Mail left for Court Reporting office |
| 11/13/2009 | RM | 0.10 | Telephone conference with Court Reporting office |
| 11/13/2009 | RM | 0.10 | Email left for Court Reporter and OC |
| 11/19/2009 | RM | 0.10 | Telephone conference with OC assistant |
| 11/19/2009 | RM | 0.10 | Telephone conference with Court Reporters office |
| 11/19/2009 | RM | 0.10 | Email left for Court Report and OC |
| 12/03/2009 | RM | 0.20 | Letter to client enclosing depo notice |
| 12/09/2009 | RM | 0.30 | Telephone conversations with opposing counsel's office re reschedule of depos. |
| 12/09/2009 | RM | 0.30 | 2x telephone conversation with opposing counsel's office re depos and court reporters |
| 12/14/2009 | RM | 0.20 | Telephone conference with OC's office re rescheduling of depos. Notes in system. |
| 12/18/2009 | RM | 0.20 | Call of OC's office re reschedule of depos. Notes in system |
| 12/21/2009 | RM | 0.10 | Voice Mail left for OC's office re depo schedule |
| 12/28/2009 | RM | 0.20 | Preparation of itinerary folder for deposition |
| 12/30/2009 | RM | 0.10 | Telephone conference with court reporter re depo schedules |
| 01/19/2010 | RM | 1.40 | reschedule depositions, call OC, draft notice, mail/email/calendar |
| 01/27/2010 | RM | 0.40 | Review Field. (Diary) prepare and mail dep docs to client. |
| 02/08/2010 | RM | 0.20 | Telephone conference is OC |

| | | | |
|---|---|---|---|
| 02/23/2010 | RM | 0.10 | Email left for OC assistant |
| 02/23/2010 | RM | 0.10 | Email received from OC assistant |
| 02/26/2010 | RM | 0.10 | Email left for OC |
| 03/10/2010 | RM | 0.10 | Review File. (Diary) |
| 03/22/2010 | RM | 0.10 | Telephone conference with OC's office |
| 03/22/2010 | RM | 0.10 | Telephone conference with court reporting office |
| 03/22/2010 | RM | 0.20 | Voice Mail left for OC & notes in system |
| 03/23/2010 | RM | 0.80 | Preparation of rescheduling depositions |
| 03/25/2010 | RM | 0.50 | Preparation of file for depositions/call w court reporter/ print docs for file |
| 03/26/2012 | RM | 1.00[3] | Review File (Diary) handle deposition issue (calls to client/OC/attorney/OC's assistant/reschedule depo/coordinate with client/call court reporter/email correspondence |
| 03/27/2010 | AF | 0.30[4] | Review File. (Diary) Post Depo Notice; Strategy |
| 03/29/2010 | RM | 0.10 | Telephone call with OC's office |
| 03/30/2010 | RM | 0.50[5] | Review File. (Diary) FOIA letter/review doc/research state agency |
| 05/18/2010 | RM | 0.10 | Email left for Court Reporting Agency |

---

[3] The total work recorded for this block time entry is 1.40 hours. Because some of the time involved communication with the client, I recommend that only 1.00 hours be disallowed.

[4] Although the reference to "Strategy" is insufficient for the Court to conclude with reasonable confidence that this was compensable work, in the absence of objection I recommend that the Court disallow only 0.30 hours of the 0.50 hours recorded to perform all of the tasks indicated in the block time entry.

[5] The total work recorded for this block time entry is 0.80 hours. Because some of the time involved identifying a state agency, I recommend that only 0.50 hours be disallowed.

| | | | |
|---|---|---|---|
| 05/18/2010 | RM | 0.10 | Telephone conference with court reporting agency |
| 06/08/2010 | RM | 0.80 | Schedule deposition/prep notice |
| 06/09/2010 | RM | 0.20 | Preparation of Amended Depo Notice |
| 06/14/2010 | RM | 0.20 | Telephone conference with OC assistant |
| 06/14/2010 | RM | 0.10 | Email left for OC assistant |
| 06/14/2010 | RM | 0.10 | Telephone conference with mediators office |
| 06/15/2010 | RM | 0.10 | Telephone conference with process servers |
| 06/15/2010 | RM | 0.50[6] | Prepare and file notice of schedule mediation/mail copies/process documents/call client |
| 06/16/2010 | RM | 0.10 | Review File. (Diary) Refiled Notice of Scheduling |
| 06/17/2010 | RM | 0.10 | Review File. (Diary) |
| 06/17/2010 | RM | 0.40 | Review File. (Diary) updated calendaring |
| 06/21/2010 | RM | 0.40 | Review File (Diary) updated calendaring |
| 06/21/2010 | RM | 0.10 | Voice Mail left for OC assistant |
| 06/21/2010 | RM | 0.10 | Voice Mail Received from OC assistant |
| 06/22/2010 | RM | 0.10 | Email left for OC assistant |
| 06/25/2010 | RM | 0.10 | Email left for OC |
| 07/14/2010 | RM | 0.10 | Telephone conference with process server |
| 07/16/2010 | RM | 0.40 | Receipt and Review of CMR - calendared |
| 07/21/2010 | RM | 0.20 | Review File. (Diary) prepare for mediation |

---

[6] The total work recorded for this block time entry is 0.70 hour. Because some of the time involved communication with the client, I recommend that only 0.50 hours be disallowed.

| | | | |
|---|---|---|---|
| 08/02/2010 | RM | 0.50 | Prepare and file notices of deposition |
| 09/01/2010 | RM | 0.10 | Email left for OC assistant |
| 09/02/2010 | RM | 0.10 | Email left for attorney |
| 09/03/2010 | RM | 0.10 | Telephone conference with OC assistant |
| 09/07/2010 | RM | 0.10 | Email left for OC |

In sum, I recommend that the Court not compensate 0.30 of Attorney Frisch's time and 16.7 hours of the paralegals' time used to perform clerical and administrative tasks.

### 2. Excessive Hours.

The Court may reasonably question the practice of recording 0.10 hours (6 minutes) to review each document received from the Court on a single day. For example, in the below referenced entries on June 12, 2009, Attorney Frisch recorded 0.10 hours to review the related case order and 0.10 hours to review the interested persons order.

| | | | |
|---|---|---|---|
| 06/12/2009 | AF | 0.10 | Receipt and Review of Related Case Order |
| 06/12/2009 | AF | 0.10 | Receipt and Review of Interested Persons Order |

Doc. No. 73-2 at 2. Both of these orders are standard forms with which counsel should be very familiar. Therefore, I recommend that the Court allow only 0.10 hours for review of these forms.

The same issue arises from the practice of recording 0.10 hours to send and receive each email and voice mail message. For example, Attorney Frisch recorded 0.10 hours to receive a voice mail from a witness and 0.10 hours to leave a voice mail message for a witness on the June 9, 2009 entries shown below.

| | | | |
|---|---|---|---|
| 06/09/2009 | AF | 0.10 | Voice Mail Received from witness |
| 06/09/2009 | AF | 0.10 | Voice Mail left for witness |

*Id*. I recommend that the Court allow only 0.10 hours for these two messages.

Additionally, as shown below, Attorney Frisch recorded 0.50 hours on June 15, 2009 to prepare and file the certificate of interested persons ("CIP") and notice of pendency ("NOP").

06/15/2009    AF    0.50    Prepare and file CIP and NOP

*Id*. The notice of pendency is a standard form on which a check mark was inserted to indicate that there were not related cases. Doc. No. 5. The certificate of interested persons, also a standard form, recorded only the names of the parties and their counsel. Doc. No. 6. Thirty minutes (0.50 hours) is excessive to prepare these documents. Therefore, I recommend that the Court disallow 0.30 hours of this time.

In sum, I recommend that the Court not compensate 0.50 hours of Attorney Frisch's time as excessive for the tasks performed.

### B. *Reasonable Hourly Rate.*

"Reasonable hourly rates are determined by comparing attorneys' requested rate with the 'prevailing market rates in the relevant community.' The party applying for fees bears the burden of establishing the reasonableness of the proffered rate. While previous hourly rate awards are not given controlling weight, they do provide some insight." *Galdames*, 432 F. App'x at 807 (internal citations omitted).

In his affidavit, Attorney Frisch avers that he has been practicing law since 2001. He previously managed the Wage and Hour Department at Rosenthal & Levy, P.A., and he currently works with Morgan & Morgan, where he had successfully handled hundreds of FLSA cases. Doc. No. 73-1 ¶ 6. He avers that many Court's have found $300.00 per hour to be a reasonable hourly rate for his work in FLSA cases. *Id.* ¶ 4. Based on this information, I recommend that the Court

find that $300.00 per hour is reasonable for Attorney Frisch's compensable work in this case in the absence of objection.

Attorney Frisch avers that Romero has worked as a paralegal for six years and that Morrison and Vaysman have worked as paralegals for four years. He submits that $95.00 per hour is reasonable for the work of all three paralegals. *Id.* ¶¶ 9-14. This Court has previously found $95.00 per hour to be reasonable for the work of paralegal Vaysman. *See Quinones v. JPMorgan Chase & Co.*, No. 6:09-cv-299-Orl-31GJK, 2010 WL 376012, at * 3 (M.D. Fla. Jan. 26, 2010). Because each of the paralegals who worked on this case have experience equal to or greater than Vaysman's experience, I recommend that the Court find that $95.00 per hour is reasonable for their compensable work in this case in the absence of objection.

C. *Lodestar Amount*.

Based on the foregoing, I recommend that the Court find that the lodestar attorney's fee in this case is as follows:

| Professional | Reasonable Hours Worked | Reasonable Hourly Rate | Total |
|---|---|---|---|
| Andrew Frisch, Esq. | 85.70 | $300.00 | $25,710.00 |
| Kelly Romero | 1.90 | $95.00 | $ 180.50 |
| Raven Morrison[7] | 7.92 | $95.00 | $ 752.40 |
| Marina Vaysman | 0.30 | $95.00 | $ 28.50 |
| **TOTAL** | | | **$26,671.40** |

---

[7] In the Time Sheet listing of time spent by Raven Morrison, there is a reference to 0.02 hours of work by HM on 11/01/2010. I have included this time for Raven Morrison [RM] as it appears to be a typographical error. Doc. No. 73-3 at 6.

### III. RECOMMENDATION.

Therefore, it is **respectfully recommended** that the Plaintiff's Amended Motion and Request for an Award of Attorney's Fees and Costs (Doc. No. 73) be **GRANTED in part** and **DENIED in part**. I **further recommend** that the Court award attorney's fees in the total amount of **$26,671.40**.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on May 1, 2012.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy